By the Court, Cowen, J.
One of the plaintiff’s witnesses, not expecting the cause to be called till the next day, had left the place of trial, and gone a mile or two, to stay over night. The cause was called for trial in the eve *301 ning, and the plaintiff proceeded with his proóf of the slanderous words, and rested. The defendant then went through with his testimony and rested, when the absent witness returned, and was offered by the plaintiff’s counsel to prove the speaking of slanderous words laid in the declaration, other than those which he had before attempted to make out by his previous witnesses, and which had been spoken at different times. He also offered to show, that the witness had been absent without the plaintiff’s consent. But the judge refused to hear the explanation, or receive the evidence, remarking, that the testimony on that point had closed.
Clearly, the judge had discretion in this matter, with which we cannot interfere. A witness chooses, of his own head, to disobey the process of the court; and on his .return after the time at which he can be regularly called, the plaintiff claims to begin his proof de novo, on a distinct branch of his case, to be followed, of course, by answering evidence, and other evidence in reply, according to the nature of the issue. Once take away the discretion of the judge in a case like this, and the order of evidence, the time at which it shall be introduced, and the portion which shall be introduced at any given stage, will be put under the control of the witnesses. Where they happen to be numerous, they may drive the judge and jury to the round of evidence mentioned, several times, making the labor of trying a single cause, equal to that of many. It will not do for the party to say, his witnesses left him without his consent. Receive that as an excuse, and the discretion is vested in them. At this rate, the trial may, at their pleasure, be protracted to an intolerable extent. Judges and juries will be made the mere waiters upon careless or perverse witnesses; and the business of the circuits can never be done.
Regularly, the party entitled to begin, must exhaust all his testimony in support of the issue on his side, before the opposite testimony has been heard. He can afterwards introduce evidence in reply only. The judge often, for some *302 peculiar reason satisfactory to himself, departs from this strictness ; but the party can never claim that he should do so, as a matter of right. We cannot, therefore, control his course. He may grant or withhold the required indulgence, in his discretion.
New trial denied.(a)

 See Cowen & Hill’s Notes to 1 Phil. Ev. p. 479, et seq. Also id. 710, 711, et seq.; together with The Philadelphia and Trenton Rail-Road Co. v. Stimpson, (14 Peters’ R. 448, 9.)